# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

ASUQUO L. EYO, JR.
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-20402-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is charged by way of indictment with two counts: 1) Dealing in Counterfeit Obligations and 2) Conspiracy to Defraud the United States. Defendant is a 38 year old career criminal who lives with his third wife, Edith Eyo, in a house that she owns and pays for. Defendant's third wife has recently filed for divorce but Defendant still lives in her home in Redford, MI with her. Defendant claims to be self-employed as the owner of Federal Tax Direct/Wiseone in Detroit, MI and earns approximately $40,000 annually. He reports that in 2010 he owned Liberty Taxes in Detroit, MI for a one year period. From 2006 - 2009 he worked for a company that imported solar panels in Detroit. He was incarcerated from 2002 -2005. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| August 18, 2011 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

11-20402-01 USA V ASUQUE L. ELO, JR.                              PAGE 2

Defendant was born in New York and lived there until he was eight years old, and then lived in Nigeria from the age of eight to twenty-three. In 1999 he lived in Georgia, and has remained in Michigan since 1999. While in Michigan he has resided in Detroit, Auburn Hills, Romulus and Redford.

Although Defendant reported no mental health issues, his third wife states that she has some concerns about his mental health and his ability to be accountable for his behavior.

According to Defendant, he is the father of two children. Defendant reports that his United States passport was revoked by the Friend of the Court due to child support issues.

Defendant has an outstanding warrant from the 3rd Circuit Friend of the Court for Failure to Appear (6/26/2010) for a hearing on a Violation of a Court Order. He is currently out on bond and is in arrears for approximately $7000.

Defendant has a long and consistently active history of arrests and convictions in this district for Theft by Deception (12/17/98), Possession of Forged Instruments (1/7/99), Conspiracy False Pretenses (8/26/2000), Attempt Felony False Pretenses (3/26/2001), Felony Insurance Fraudulent Acts (8/29/2000), Attempt Misdemeanor Insurance Fraudulent Acts (1/12/2001), and Felony Uttering and Publishing (2/09/2001).

Then in the Northern District of Ohio on 4/12/2001 Defendant plead guilty to Conspiracy to Defraud, Possession of Counterfeit Securities (3 counts) Possession of Stolen Securities and was sentenced on 8/13/2001 to 18 months custody in the BOP and 36 months supervised release.

Defendant began his supervised release in the Eastern District of Michigan on 5/22/2003, and at the same time was reporting to his State Parole Officer. Defendant states that he stopped reporting to his U.S. Probation officer for supervised release when his state parole officer advised him that his federal case was closed. Upon reviewing the U.S. Probation records and file of this defendant, it was discovered that **Defendant's wife (Ms. Bahiyyah Jones) at the time provided a fraudulent death certificate to the U.S. Probation Office which reflects that Defendant died on December 8, 2005.** Therefore the federal probation office closed Defendant's file relying on the death certificate which was presented to that office reflecting the death of the Defendant on December 8, 2005, cause of death described as having been shot by another person in a home at 1228 Knickerbocker, Mt. Morris Twp, MI at 9:16 a.m. The death certificate bears the signature of a Valery Alexandrov, M.D., and the address of the Oakland County Medical Examiner, and appears to be fraudulent.

On 3/30/2004 Defendant was charged with Felony Financial Transaction Device, Illegal Sale/Use to which he pled guilty and was sentenced on 5/04/05 to 2 years probation and 6 months in jail followed by 90 days tether.

11-20402-01 USA V ASUQUE L. EYO, JR.                                                    PAGE 3

Two months later Defendant was charged on 5/25/2004 with Uttering and Publishing, 2 counts. Defendant pled guilty to Count 1 and was sentenced on 1/07/05 to 23 months - 14 years prison, credit 237 days, and restitution as a condition of parole. Defendant was released from prison on 12/01/2005.

On 8/17/2011 Defendant was charged in the instant matter with Counterfeiting-Dealing in Counterfeit Obligations (U.S. Secret Service).

Defendant has employed no less than eight (8) alias names over the years.

Defendant is deemed by a preponderance of the evidence to pose a risk of flight. The fact that his federal reporting obligation was terminated because of the presentation by his then wife of a false death certificate reflects that he has the means and the knowledge and the wherewithal to make himself scarce when he wants to. Additionally he has one outstanding warrant in the 3rd Circuit Court for a failure to appear on a violation hearing. He has used no less than 8 alias names over the past few years. Notwithstanding any argument by the government or defense counsel, this Court believes that Defendant is a flight risk.

Defendant also poses a danger to the community by clear and convincing evidence. His criminal history is an unending saga of fraud, deceit, dealing in counterfeit obligations, felony false pretenses, theft, forged instruments, possession of fraudulent and stolen securities, and conspiracy. He has been convicted of no less than 6 felonies and at least one misdemeanor. The instant case charges fraudulent/counterfeit activities. Defendant has served three prison sentences between 2001 and 2005 and three jail terms between 2000 and 2004. Defendant has been under the supervision of the Michigan Department of Corrections and the supervision of the U.S. Probation Office concurrently. Defendant's prison, jail and parole sentences were simultaneous. His pattern of fraudulent crimes indicates that this defendant poses a continuing danger to the community. Defendant is currently on bond with the State of Michigan.

There is no condition or combination of conditions that would reasonably assure this Defendant's appearance in court or the safety of the community. Therefore Detention is Ordered.